March 29, 1939

Hon. G. Kennedy
County Attorney
Bee County
Beeville, Texas

Dear Sir:

Opinion No. O-473
Re: Constable may be allowed to re-
ceive ex-officio salary as inter-
preter for county.

This will acknowledge receipt of your letter
of March 9, 1939, in which you ask an opinion of this
Department whether the constable of precinct No. 1,
Bee County, Texas, can be allowed an ex-officio salary
of $72.72 per month by the Commissioners' Court of Bee
County to serve as interpreter for the county and jus-
tice courts of such county.

You do not state in your letter but we have
determined that the population of Bee County, accord-
ing to the last Federal census is 15,721. Subdivision
1, Article 3883, Revised Civil Statutes of Texas, 1925,
provides that in counties of less than 25,000 inhabi-
tants the constable may retain as his annual fees the
sum of Twelve Hundred ($1200.00) Dollars. Article
3895 prohibits the Commissioners' Court from allowing
ex-officio fees which will make the officer's total
compensation exceed the maximum established in Section
1, Article 3883.

In the instant case, however, the duties pro-
posed to be rendered by the constable under the contract
with the Commissioners' Court are duties clearly beyond
the scope of his official duties as constable and are
not connected with or incident to the duties imposed upon
him by virtue of his selection to the office of consta-
ble. The limitations abovementioned cannot, therefore,

apply in the instant case for reason that such limitation establishes a maximum salary relating only to the duties of his office and has no relation to the extra services contemplated in such contract.

A careful examination of the statutes reflects no prohibition against the constable rendering such services as contemplated in the contract made the basis of this opinion. Receiving compensation for such services so contemplated must be tested by the same rules by which any other contract of employment by the Commissioners' Court would be tested.

There is nothing in the proposed contract that would bring the employment as interpreter within the constitutional prohibition against a person holding more than one civil office of emolument since the exercise of the duties of interpreter does not constitute an "office" within the perview of the Constitution.

It is, therefore, the opinion of this Department and you are so advised that the constable of Lee County can be allowed extra compensation by the Commissioners' Court to act as interpreter for the justice and county courts.

Trusting that this satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Lloyd Armstrong
Assistant

LA:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL